# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JUAN CRESPO | Crim. Action No.: 3:19-cr-00922-PGS<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on Defendant Juan Crespo's ("Defendant") *pro se* Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part A (ECF No. 276). In addition to this motion, Defendant submitted a letter dated January 23, 2024 (ECF No. 271) regarding his designation within his incarceration facility.

The Government opposes this motion, stating that Amendment 821 does not have the effect of lowering Defendant's original Guideline range. The Court agrees with the Government; Defendant is ineligible for a sentence reduction pursuant to 18 U.S.C.S. § 3582(c) and 18 U.S.C.S. § 1B1.13.

For the reasons below, Defendant's motion is **DENIED**.

## I. 18 U.S.C. § 3582(c)(2)

Generally, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477,

1

479 (3d Cir. 2007). However, one such specific authorization is 18 U.S.C. § 3582(c)(2). Under this authorization, there is an opportunity to modify an imposed term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.S. § 3582(c)(2).

In November 2023, Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G.") went into effect retroactively. U.S.S.G. § 1B1.10. In relevant part, Part A of Amendment 821 reduced the number of status points applied to a defendant's criminal history. *Id.* "Status points" are points added when (1) a defendant received seven or more criminal history points, and (2) the current offense occurred while serving a sentence for a different offense. *Id.* at § 4A1.1(e); U.S. SENTENCING GUIDELINES MANUAL, Supp. to App. C, Amend. 821 (U.S. Sent'g Comm'n 2023).

U.S.S.G. § 4A1.1(e) now provides that one "status" point be added if a defendant receives seven or more criminal history points and committed the offense before the court "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The previous subsection (d) added two "status" points for the same offenses.

In determining the application of Amendment 821, "a district court must engage in a two-step inquiry to determine whether a sentence reduction is warranted under § 3582(c)(2)." *United States v. Alejandres*, No. 20-cr-218, 2024 WL 1256302, at *3 (W.D. Pa. Mar. 25, 2024) (quoting *Dillon v. United States*, 560 U.S. 817, 826, (2010)). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. at 827.

The relief described above does not apply to Defendant because Defendant was in a Criminal History Category II with three criminal history points at the time of his sentencing. Accordingly, Defendant did not receive any "status" points. Defendant's applicable guideline range is unchanged; thus, the defendant is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)

## II. Defendant's Letter Regarding His Designation[1]

---

[1] Even where the Court interprets this application under the broad lens required of courts when reviewing pleadings by *pro se* defendants, this letter does not present any basis for relief under The First Step Act (18 U.S.C. § 3582(c)(1)(A)). The First Step Act (18 U.S.C. § 3582(c)(1)(A)) allows a criminal defendant to request a reduction in sentence, also known as "compassionate release," for "extraordinary and compelling reasons" after exhausting administrative remedies. To be eligible for compassionate release, a defendant must: (1) exhaust his or her administrative remedies by requesting compassionate release from prison authorities; (2) show "extraordinary and compelling reasons" for a sentence reduction; and (3) show that the reduction accords with the sentencing factors set forth in 18 U.S.C.S. § 3553(a). *Id.* There are no records reflecting that Defendant exhausted his administrative remedies; therefore, relief on this basis is inappropriate.

3

In addition to Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), (ECF No. 276), Defendant submitted a letter inquiring as to his "Public Safety Great Severity" status while incarcerated. (ECF No. 271).

After reviewing the Pre-Sentencing Report ("PSR") and conferencing with the Probation Office, the Court notes the following. According to the Probation Office, the Bureau of Prisons uses the PSR to classify inmates based on different factors. This classification scoring is then used to determine a designation. Based on both the Probation Office's and the Court's review of the PSR, Defendant's designation likely came from the events and Defendant's conduct described in the PSR at paragraphs 32 and 33. The Probation Office noted that it has no role in the designation process and takes no position on Defendant's letter. Likewise, the Court believes that this is a matter properly addressed with the Bureau of Prisons. An appropriate order follows.

# ORDER

**THIS MATTER** having come before the Court on Defendant Juan Crespo's motion for a sentence reduction and request for compassionate release (ECF No. 276); and the Court having carefully reviewed and considered the submissions of the parties, as well as the arguments and exhibits therein presented; for good cause shown; and for all of the foregoing reasons,

**IT IS** on this **28th** day of **June, 2024**,

**ORDERED** that Defendant's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 276) is **DENIED**.

_____
PETER G. SHERIDAN, U.S.D.J.